# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNIE LEE SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-1311 |
| | ) | |
| v. | ) | Judge Lancaster |
| | ) | Magistrate Judge Bissoon |
| BRIAN V. COLEMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Johnnie Lee Smith be dismissed because it is a successive petition. A certificate of appealability should be denied.

### II. REPORT

Johnnie Lee Smith is a state prisoner who was convicted of First Degree Murder in 1967 in the Court of Common Pleas of Allegheny County and who is now serving a life sentence. Smith's conviction was affirmed on direct appeal and his petition seeking collateral relief in the state courts likewise was denied. Smith filed a petition for writ of habeas corpus in this Court on March 10, 1972, at Civil Action No. 72-197. That petition was denied on its merits on January 30, 1973 (Doc. 12, Comm. Ex. 12). Smith now files his second petition for writ of habeas corpus with respect to his now four-decade-old conviction.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas

corpus applications. Tyler v. Cain, 533 U.S. 656, 661-62 (2001). If the prisoner asserts a claim that he or she already has raised in a previous federal habeas petition, the claim must be dismissed. 28 U.S.C. § 2244(b)(1). If the prisoner asserts a claim that was not raised in a previous petition, the claim also must be dismissed unless it falls within one of two narrow exceptions. One exception is reserved for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. § 2244(b)(2)(B). The other exception relates to claims relying on new rules of constitutional law. 28 U.S.C. § 2244(b)(2)(A). In both instances, however, if a prisoner opts to file a second or successive section 2254 petition, AEDPA requires that he first seek authorization from the applicable court of appeals. 28 U.S.C. § 2244(3)(A).

It is not clear which, if any, of the two exceptions Smith seeks to invoke. The issue need not be decided, however, since Smith may not now seek habeas relief with respect to the same state court conviction addressed in his prior petition because he has not moved "in the appropriate court of appeals for an order authorizing the district court to consider the [second or subsequent] application." 28 U.S.C. § 2244(b)(3)(a). The lack of an order from the appellate court deprives this Court of jurisdiction to address the instant petition. "We have made it clear that '[u]nless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition.'" Goldblum v. Klem, 510 F.3d 204, 217 (3d Cir.2007), quoting Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir.2005).

A certificate of appealability should be denied because Smith has not shown that jurists of reason would disagree that his federal habeas petition represents a second or subsequent habeas petition. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000)(explaining standard for grant

-2-

of a certificate of appealability where court does not address petition on the merits but rather on a procedural ground); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III. CONCLUSION

For all of the reasons stated above, the Petition for Writ of Habeas Corpus filed by Johnnie Lee Smith should be dismissed and a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 1, 2009.

                                        s/Cathy Bissoon
                                        Cathy Bissoon
                                        United States Magistrate Judge

Dated: April 14, 2009
cc:
JOHNNIE LEE SMITH
AC-8935
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450